UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH W. WADE,<br><br>      Plaintiff,<br><br>-against-<br><br>NEW YORK STATE DEPARTMENT OF STATE OFFICE OF PLANNING, DEVELOPMENT, AND COMMUNITY INFRASTRUCTURE,<br><br>      Defendant. | 23-CV-4702 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendant violated "Public Law 92-582 [H.R. 12807] Section 902." (ECF No. 1 at 2.) By order dated August 24, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's complaint.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action using the court's general complaint form. Plaintiff alleges that the events giving rise to his claim occurred on "12/13/2023."[1] Plaintiff alleges that

> In December of 2022, the NYS DOS Office of Planning, Development, and Community Infrastructure selected a consultant for the New York State Department of State's Downtown Revitalization Initiative and New York Forward Consultant RFP #22-DRINYF-20[.] The evaluation procedures for this selection did not follow the policies set forth in Public Law 92-582 [H.R. 12807] Section 902.
> As outlined in the RFP, final evaluation scores are a function of two scores, a qualification score and a cost score. Public Law 92-582 [H.R. 12807] Section 902

---

[1] Plaintiff filed this complaint on June 5, 2023. It appears therefore that the events giving rise to Plaintiff's complaint occurred on December 13, 2022, before Plaintiff filed his complaint in this court.

2

> clearly states that public procurement of contracts, involving architecture and enginnering requirements, must be evaluated on the basis of demonstrated competence and qualification only. Cost is to be a factor only after firms are first ranked by quality.
> By combining cost scores with quality rankings the NYS DOS has allowed applicant's evaluation of competence and quality to become skewed.
> This will lead to unrealistic cost proposals and costly work orders.

(ECF No. 1 at 5.) He brings this action seeking $2,000,000 in monetary damages.

On the same date that Plaintiff filed this action, he also filed another action in this court against Defendant, alleging that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"). *See Wade v. New York State Dep't of State Off. of Planning, Dev. & Cmty. Infrastructure*, ECF 1:23-CV-4707, 1 (S.D.N.Y. pending). Because Plaintiff and Defendant were not in an employee-employer relationship, by order dated August 1, 2023, the Honorable Paul A. Engelmayer determined that Plaintiff's claims did not arise under Title VII or 42 U.S.C. § 1981, but construed Plaintiff's allegations as asserting an Equal Protection claim under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983. ECF 1:23-CV-4707, 8. In that order, Judge Engelmayer also dismissed Plaintiff's claims against Defendant as barred by the Eleventh Amendment, but construed the complaint as asserting official-capacity claims against Secretary of State Robert Rodriguez and directed the Clerk of Court to add as a defendant Secretary of State Robert J. Rodriguez, in his official capacity, under Rule 21 of the Federal Rules of Civil Procedure. *Id.*

## DISCUSSION

Because Plaintiff invokes the court's federal question jurisdiction, the complaint can be construed as asserting claims that Defendant violated his constitutional rights pursuant to 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's claims against Defendant, however, must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the New York State Department of State, Office of Planning, Development, and Community Infrastructure are therefore barred by the Eleventh Amendment and are dismissed.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. Should Plaintiff wish to assert additional claims against Defendant, he may seek to amend his complaint in *Wade*, ECF 1:23-CV-4707, 1.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by the Eleventh Amendment.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

4

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   January 8, 2024
           New York, New York

                                         /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                     Chief United States District Judge